UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARVIN CLARK,
    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,
    Defendant.

Case No. 1:08-cv-70

Weber, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) NO FINDING BE MADE CONCERNING THE CORRECTNESS OF THE ALJ'S NON-DISABILITY FINDING; (2) THIS MATTER BE REMANDED TO THE ALJ, UNDER THE SIXTH SENTENCE OF 42 U.S.C. §405(g), SO THAT THE ALJ CAN CONSIDER THE NEW AND MATERIAL EVIDENCE HERE (Tr. 267-95) AND DETERMINE ANEW CLAIMANT'S DISABILITY STATUS; AND (3) THE PARTIES BE ORDERED TO REPORT BACK TO THE COURT WITHIN 30 DAYS OF THE ISSUANCE THE ALJ'S SUBSEQUENT DECISION**

This is a Social Security disability benefits appeal. At issue is whether the administrative law judge ("ALJ") erred in finding Plaintiff "not disabled" at Step 5 of the sequential benefits analysis and, therefore, not entitled to disability insurance benefits ("DIB") and/or Supplemental Security Income ("SSI"). (*See* Administrative Transcript ("Tr.") at 13-19) (ALJ's decision)).

I.

Plaintiff filed his applications for DIB and SSI in April 2004, alleging that he was disabled beginning on 8/2/03 due to HIV infection and a back injury (Tr. 45, 50, 255).

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

1

That application was denied initially and on reconsideration. Plaintiff then requested a hearing *de novo* before an ALJ. An evidentiary hearing, at which Plaintiff was represented by counsel, was held on June 6, 2006. (Tr. 296-344).

On August 24, 2006, the ALJ entered his decision denying Plaintiff's claim. That decision stands as Defendant's final determination consequent to denial of review by the Appeals Council on December 21, 2007. (Tr. 8). The ALJ's "Findings," which represent the rationale of the decision, were as follows:

> 1. The claimant met the disability insured requirements of the Act on October 13, 2003, the date the claimant stated he became unable to work, and continues to meet them on the date of this decision.
>
> 2. The claimant has not engaged in substantial gainful activity since October 13, 2003.
>
> 3. The claimant has severe physical impairment due to degenerative disease of the lumbosacral spine causing lower back pain, being HIV positive, and obesity.
>
> 4. The claimant has no impairment or combination of impairments meeting or equaling the Regulatory Listings contained in Appendix 1, Subpart P, Regulations No. 4
>
> 5. The claimant was only a partially credible witness for reasons set forth in the body of this decision.
>
> 6. The claimant retains the capacity for performing the full range of work, except that he can only lift and carry 50 pounds occasionally and 25 pounds frequently and can only occasionally climb ladders, ropes and scaffolds.
>
> 7. The claimant's past relevant work as a car wash attendant did not require performance of physical processes precluded by the above limitations as that job is typically performed in the national economy.

8. The claimant remains able to perform his past relevant work as a car wash attendant.

9. The claimant has not been under a "disability," as defined in the Social Security Act, at any time through the date of this decision. 20 CFR 404.1520(f) and 416.920(f).

(Tr. 17-18.)

In sum, the ALJ concluded that Plaintiff was not entitled to a period of disability or disability insurance benefits under the Social Security Act.

On appeal, Plaintiff maintains that: (1) this matter should be remanded under sentence six to consider additional medical evidence submitted to the Appeals Council; and (2) the ALJ erred in assessing Plaintiff's pain, credibility, and subjective complaints under 20 CFR 404.1529 and SSR 96-7p.

For the reasons that follow, the undersigned finds Plaintiff's first assignment of error to be dispositive and hereby recommends that this matter be remanded under sentence six of 42 U.S.C. § 405(g).

## II.

The Court's inquiry on appeal is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). In performing this review, the Court considers the record as a whole. *Hephner v. Mathews,* 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, that

finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found plaintiff disabled. As the Sixth Circuit has explained:

> The Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts. If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.

*Felisky v. Bowen,* 35 F.3d 1027, 1035 (6th Cir. 1994).

The claimant bears the ultimate burden to prove by sufficient evidence that he is entitled to disability benefits. 20 C.F.R. § 404.1512(a). That is, he must present sufficient evidence to show that, during the relevant time period she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A). Post-expiration evidence must relate back to the claimant's condition prior to the expiration of his date last insured. *King v. Secretary of Health & Human Servs.,* 896 F.2d 204, 205-06 (6th Cir. 1990).

### III.

Where medical evidence is first presented to the Appeals Council, and not considered by the ALJ in his non-disability analysis, that evidence cannot be used to determine whether or not the ALJ's non-disability finding is supported by substantial evidence. Instead, the evidence can only be used as the basis for a sentence six remand. *See Osburn v. Apfel,* No. 98-1784, 1999 WL 503528, at *4 (6th Cir. July 9, 1999).

A sentence six remand (*i.e.*, a remand issued under the sixth sentence of 42 U.S.C. §405(g)) is merited where the medical evidence at issue is new and material, and good cause exists for plaintiff's failure to reference such evidence at the administrative hearing. *Melkonyan v. Sullivan*, 501 U.S. 89, 98 n.1 (1991). For purposes of sentence six, "new" medical evidence means evidence which has "come to light that was not available to the claimant at the time of the administrative proceeding." *Cline v. Commissioner of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citing *Melkonyan*, 501 U.S. at 98). To be "material" for purposes of sentence six, the new records must evidence a reasonable probability that the ALJ would have reached a different conclusion had he been afforded an opportunity to consider the new evidence at the time of the hearing. *See Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988) (*per curiam*).

Here, based on the findings of the state agency physicians, and Plaintiff's purported lack of credibility, the ALJ found Plaintiff capable of performing a "full range of work, except that he is limited to lifting and carrying 50 pounds occasionally and 25 pounds frequently, and can only occasionally climb ladders, ropes and scaffolds." (Tr. 17.)

After the ALJ issued his decision denying benefits, however, Plaintiff submitted several reports to the Appeals Council. (Tr. 267-95). Notably, on September 11, 2006, Plaintiff saw Dr. Ten Pas due to back pain (Tr. 287, 289). Plaintiff said his back hurt from October through December 2003, and he had "intermittent exacerbations" thereafter,

depending on his activities. (Tr. 287, 289).

An exam revealed an antalgic gait and a limited range of sideways bending to the left, but otherwise normal ranges of lumbar motion, normal (5/5) strength, normal sensation, normal reflexes and normal heel/toe walking. (Tr. 290). Dr. Ten Pas diagnosed lumbar strain/sprain and ordered an MRI of the lumbar spine. (Tr. 287, 290).

On September 18, 2006, a lumbar MRI revealed spinal stenosis at multiple levels, a disc protrusion at L2-3 which displaced the right L2 nerve root, a small disc extrusion at L3-4 with possible compromise of the left L4 nerve root, disc bulging and protrusion at L4-5 with possible compromise of the right L5 nerve root, and a small extrusion at L5-S1 without evidence of nerve root compression. (Tr. 267-68).

Upon careful review, the undersigned finds that the evidence in question (Tr. 267-68) satisfies the sentence six remand test. The Commissioner concedes that the evidence is "new," as required for a sentence six remand, in that it did not exist prior to the administrative hearing, and was never reviewed by the ALJ.

The evidence is also "material" in that, had the ALJ reviewed the evidence, it is reasonably probable that he would have found Plaintiff disabled. As noted above, new evidence is considered material if there is a "reasonable probability that the ALJ would have rendered a different decision if the evidence had been available for consideration." *See Sizemore*, 865 F.2d at 711.

Here, the ALJ noted the lack of medical corroboration in the record as to the basis

for Plaintiff's pain as the reason the ALJ discounted Mr. Clark's testimony as to the severity of his pain. (Tr. 16.) Specifically, the ALJ stated:

> Also inconsistent with the claimant's testimony, specifically his allegations of lower back pain, is the fact that he has never gone to a back specialist or had back surgery despite having a medical card. (Tr. 16.)

Moreover, the ALJ relied on the assertion that "nothing has significantly changed since June 2004 that would change the limitations found by the State Agency physicians," and that the objective evidence was "on the mild side" regarding laboratory findings. *Id*.

Here, the MRI results submitted to the Appeals Council belie that assertion: the findings, far from "mild," show vastly more pronounced damage than the less-specific x-ray reviewed by the State Agency physicians. As noted above, the MRI revealed spinal stenosis at multiple levels, a disc protrusion at L2-3 which displaced the right L2 nerve root, a small disc extrusion at L3-4 with possible compromise of the left L4 nerve root, disc bulging and protrusion at L4-5 with possible compromise of the right L5 nerve root, and a small extrusion at L5-S1 without evidence of nerve root compression. (Tr. 267-68).

Furthermore, the VE testified that if Plaintiff's testimony was overall credible, there were no jobs he could perform. Notably, as of October 4, 2004, if the ALJ had found Plaintiff to be limited to at most "light" work, he would have met the Grids at 20 C.F.R. Part 404, Subpart P, Appx 2, §202.02, as he was of advanced age and had only a GED. (Tr. 55). Thus, the ALJ's access on remand to the new and objective medical evidence supporting Plaintiff's credibility has a reasonable probability of changing the

ALJ's opinion on the ultimate issue of disability.

Finally, Plaintiff has established "good cause" for his failure to produce the evidence earlier. *See Cross v. Commissioner of Social Sec.*, 373 F.Supp.2d 724, 734 (N.D.Ohio 2005) (In order to meet the good cause requirement, a plaintiff must be able to show a "valid reason for failing to obtain the evidence prior to the ALJ's decision.")

As noted by Plaintiff's counsel, Plaintiff is an impoverished, unsophisticated man who resides in a mobile home and has little education. (Tr. 55, 301, 320). Plaintiff was so poor he could not afford to buy over-the-counter Benedryl. (Tr. 134). When asked about his Medicaid card, he told the judge that a lot of medical providers would not accept it. (Tr. 335).

Moreover, the record shows that despite approximately 40 years in the plumbing industry, Plaintiff was not able to read blueprints and needed co-workers to do it for him and to "show me what to do." (Tr. 304, 328). It is therefore not surprising that with a limited education, no insurance, and only a Medicaid card, Plaintiff had never demanded an MRI. When asked if he ever went to a back specialist, he answered: "I didn't know they had certain ones for certain things." (Tr. 335). Indeed, Plaintiff thought that chiropractors were medical doctors. (Tr. 332, 335).

When Plaintiff became injured, he did what many people in his situation would have done: he went to "the doctor" and left his medical care up to the doctors. Plaintiff's back continued to cause pain to the degree that it would often bring him to his knees, and

he continued to complain and seek medical assistance. (Tr. 130-31, 162, 165, 193-95, 204, 238, 267-68, 308, 316-17). He was on a regimen of pain medications (muscle relaxers, Oxycodone, Prozac, Vicodin) and exercise therapy through a chiropractor and was fully compliant until lack of insurance prevented it. (Tr. 156, 181, 185, 192-200, 291, 316-17).

It was clearly well beyond Plaintiff's degree of medical sophistication to understand the diagnostic power of an MRI and to demand this expensive test, with only Medicaid coverage, prior to when it was performed on September 18, 2006 (less than one month after the ALJ's decision). (Tr. 267-70, 287). Notably, once Plaintiff's doctors prescribed the MRI, he complied.

Thus, while the undersigned acknowledges that the Sixth Circuit takes a hard line on the "good cause" test, *see Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 904, 966 (6th Cir. 1986), based on the circumstances presented in this case, the undersigned concludes easily that the good cause requirement is met.

Accordingly, because the MRI submitted to the Appeals Council constitutes new and material evidence, and because there is good cause for Plaintiff not having submitted it to the ALJ, it is fully appropriate to remand Plaintiff's claim to the Secretary for further proceedings to allow the ALJ to consider the import of the new evidence.

## IV.

Having found that Plaintiff satisfies the requirements of the test for a sentence six remand, the undersigned **MAKES NO FINDING** concerning the correctness of the ALJ's non-disability analysis, and, instead, hereby **RECOMMENDS** that this matter be **REMANDED** to the ALJ under the **SIXTH SENTENCE** of 42 U.S.C. §405(g). On remand, the ALJ shall fully consider the new medical evidence in question (*i.e.,* Tr. 267-295), and **DETERMINE ANEW** the Plaintiff's disability status. The undersigned **FURTHER RECOMMENDS** that the parties be ordered to report back to the Court within **30 DAYS** of the ALJ's issuance of his subsequent decision.

Date: 3/3/09

*Timothy S. Black*
Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARVIN CLARK,<br>　　Plaintiff, | Case No. 1:08-cv-70 |
| vs. | Weber, J.<br>Black, M.J. |
| COMMISSIONER OF SOCIAL SECURITY,<br>　　Defendant. | |

**NOTICE**

Attached hereto is the Report and Recommended Decision of the Honorable Timothy S. Black, United States Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten (10) days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen (13) days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail, and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).